IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-221-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES KELVIN WILSON | ) | |

This matter is before the court on defendant's motion for compassionate release. (DE # 123.)

In 2016, defendant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and marijuana and possession of a firearm by a felon. The court sentenced him to 120 months imprisonment on each count, to run concurrently.

In June 2020, defendant filed *pro se* the instant motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents. (DE ## 134, 136.) The government filed a response in opposition, (DE # 137), to which defendant filed a reply, (DE # 145).

Defendant seeks modification of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, __ F.3d __, Nos. 20-6821, 20-6869, 20-6877, 2020 WL 7050097, at *1 (4th Cir. Dec. 2, 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at *9 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

In this case, the government acknowledges that defendant has exhausted his administrative remedies in the Bureau of Prisons. (Resp., DE # 137, at 3.) Therefore, the court considers the merits of defendant's motion.

Defendant argues that his vulnerability to severe illness from COVID-19 due to his comorbid conditions creates an extraordinary and compelling reason warranting his release. (Mem., DE # 136, at 4-5.) The government agrees that defendant presents at least one risk factor for severe illness from COVID-19. (See Resp., DE # 137, at 15.) However, it argues the court should not reduce defendant's sentence because he would pose a danger to public safety if he is released and the § 3553(a) factors do not support his release. (See id. at 16-18.)

Defendant is 57 years old and has some medical conditions, which along with defendant's age increase, or might increase, his risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 15, 2020). In light of the impact COVID-19 might have on his health, the court concludes defendant has shown extraordinary and compelling reasons for a sentence reduction.

The court now considers information bearing on the relevant § 3553(a) factors. Prior to his commission of the instant offenses, defendant had been convicted in this court of drug trafficking and firearm offenses. (PSR, DE # 50, ¶ 19.) After he was released from incarceration for those offenses, he violated the terms of his supervised release and was returned to custody. (Id.) Within one year of his discharge, defendant began engaging in the instant conspiracy and committed the offense while he was serving a state probationary sentence. (See id. ¶¶ 20, 23.) The instant offenses involved a large-scale drug operation and the possession of firearms in furtherance of that operation. (Id. ¶¶ 7-10.) Defendant committed the offenses while suffering from the same comorbid conditions at issue now. (See id., at 2 & ¶¶ 32, 35.)

Defendant has been incarcerated five years and has served about 60% his sentence (with good time credit). (Mem., Ex. 3, DE # 136-3.) His projected release is in February 2024. (Id.)

3

Defendant has not incurred any infractions and has maintained employment. (Mem., Ex. 5, DE # 136-5.)

Considering the § 3553(a) factors, the court concludes defendant's release from imprisonment now is not warranted. A reduction in defendant's sentence of more than four years would not provide just punishment for the offenses, reflect the seriousness of the offenses, or deter crime. Defendant's motion for compassionate release is DENIED.

This 15 December 2020.

_____
W. Earl Britt
Senior U.S. District Judge

4

Case 5:15-cr-00221-BR   Document 154   Filed 12/15/20   Page 4 of 4